**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

JOSEPH MITCHELL, M.D.,            )
                                  )
        Plaintiff,                )       Case No. 4:26-cv-01017
                                  )
    v.                            )       St. Louis County Case No.
                                  )       26SL-CC04413
EMPOWERME HOLDINGS, LLC,          )
                                  )
        Defendant.                )
                                  )
                                  )

**NOTICE OF REMOVAL**

Defendant EmpowerMe Holdings, LLC ("**EmpowerMe**"), pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, hereby removes this action from the Circuit Court of St. Louis County, Missouri, to the United States District Court for the Eastern District of Missouri. In support of this Notice, EmpowerMe states as follows:

**I.      Background.**

1.      This case was originally filed by Plaintiff Joseph Mitchell, M.D. ("**Plaintiff**") in the Circuit Court of St. Louis County, Missouri, on or about June 17, 2026.  Pursuant to 28 U.S.C. § 1446(a) and Local Rule 2.03, true and correct copies of all process, pleadings, orders, and other documents now on file in the state court, including a copy of the state court's docket sheet, are attached as Exhibit A, with the exception of the pending motion discussed further below. True and correct copies of the Original Filing Form (Designation Sheet) and Civil Cover Sheet are attached as Exhibits B and C, respectively.

2.      Defendant has not yet been served in the state court case.

3.      In his Petition, Plaintiff alleges that he served as Defendant's Chief Medical Officer and that Defendant used his name, medical license, credentials, National Provider Identifier ("**NPI**"), and Medicare enrollment credentials to bill patients and insurance providers for medical services. *See* Petition ¶¶ 10–13.

111922251.4

4.      Plaintiff further alleges that he resigned from his role with Defendant, but that, among other things, Defendant continued to submit claims identifying him as the provider; to furnish or bill services "incident to" Plaintiff's services or supervision under the Medicare Principal Care Management program and the Medicare Guiding an Improved Dementia Experience program; to hold Plaintiff out as medical director or a physician for Defendant in the Centers for Medicare & Medicaid Services ("**CMS**") portal; and more. *Id.* at ¶¶ 15, 17.

5.      Plaintiff's Petition depends on federal law and Medicare regulations, including in the following ways:

      a.      Plaintiff alleges potential improper billing under the Medicare Principal Care Management program and the Medicare Guiding an Improved Dementia Experience program. *Id.* at ¶¶ 17, 22.

      b.      Plaintiff alleges Defendant made representations regarding Plaintiff's Medicare enrollment through the CMS portal and other CMS-facing systems. *Id.* at ¶¶ 17, 22, 31.

      c.      Plaintiff expressly cites 42 C.F.R. § 410.26(b)(5) and discusses CMS's Principal Care Management and supervising physician rules at length. *Id.* at ¶¶ 23–27.

6.      As such, Plaintiff's Petition necessarily implicates and requires the correct interpretation of federal law.

7.      Based on these allegations, Plaintiff asserts three separate Counts against Defendant: (I) Invasion of Privacy by Appropriation of Name and Identity; (II) Unjust Enrichment; and (III) Declaratory Judgment.

8.      Notably, Plaintiff's purported Declaratory Judgment claim asks the court to declare whether the Company may use Plaintiff's credentials and NPI and to declare "the scope of billing the Company may lawfully undertake." *Id.* at ¶ 50.

9.      On June 17, 2026, Plaintiff also filed a Motion for Temporary Restraining Order and for Expedited Preliminary Injunction Hearing, in which he asked for an interim order

111922251.4

prohibiting additional alleged representations and billing by Defendant. Plaintiff's Motion has not yet been heard and no Temporary Restraining Order has been entered. True and accurate copies of Plaintiff's Motion for Temporary Restraining Order and for Expedited Preliminary Injunction Hearing and Plaintiff's Proposed Order and Suggestions in Support of the same are attached hereto as Exhibit D.

10.     Plaintiff's entire request for a Temporary Restraining Order is moot because, among other reasons, Defendant has refrained from, and will continue to refrain from, using Plaintiff's name, license, credentials, or NPI, or attributing any clinical or care-management activity to him; Defendant has removed Plaintiff from its roster and has requested that CMS change Plaintiff's designation; Defendant has removed Plaintiff from its website; and Defendant has not submitted claims under Plaintiff's NPI since Plaintiff's purported June 10, 2026 resignation. Thus, no imminent, irreparable injury exists.

**II.     This Notice of Removal is Timely Filed in the Proper Venue.**

11.     This lawsuit is a civil action within the meaning of the Acts of Congress, and is thus removable to federal district court. *See* 28 U.S.C. § 1441(a).

12.     The removal of this action to this Court is timely because Defendant has not yet been served in the state court case, and thus 28 U.S.C. § 1446(b)'s thirty-day clock has not begun to run. *See* 28 U.S.C. § 1448 (acknowledging that removal can occur prior to service in the underlying state court case); *Mosley v. First Student, Inc.*, 2025 WL 3466952, at *4 (E.D. Mo. Dec. 3, 2025) ("nothing in 28 U.S.C. § 1441 or any other statute requires defendants to have been served themselves prior to removing a case to federal court.") (citations omitted).

13.     The United States District Court for the Eastern District of Missouri is the proper place to file this Notice of Removal under 28 U.S.C. § 1441(a) because it is the federal district court that embraces St. Louis County, where the original action was filed and is pending.

**III.    This Court Has Federal Question Jurisdiction Pursuant to 28 U.S.C. § 1331.**

14.     Pursuant to 28 U.S.C. § 1331, the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

3

111922251.4

15.     While Plaintiff only pleads Missouri-law claims against Defendant, federal law is central to the alleged wrongs and requested relief.

16.     Perhaps most notable is that Plaintiff specifically asks the court to declare "the scope of billing the Company may lawfully undertake," which necessarily requires the Court to review and interpret Medicare rules and other federal law, including 42 C.F.R. § 410.26(b)(5), which exclusively govern the scope of the billing the Company may lawfully undertake.

17.     Under *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314–16 (2005), federal district courts may exercise federal question jurisdiction over state-law claims that "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Thus, the Supreme Court in *Grable* determined "[t]he meaning of the federal tax provision is an important issue of federal law that sensibly belongs in a federal court," even if the underlying claim arises out of state law. *Id.*

18.     Like the tax provision in *Grable*, the interpretation and application of Medicare regulations and other federal healthcare law "necessarily raise a stated federal issue" that "sensibly belongs in a federal court."

19.     The matters of federal law implicated in Plaintiff's Petition are actually disputed and substantial. They are not merely tangential to the case. Federal law and regulations exclusively govern the scope of what and who Defendant can bill for medical services rendered to patients eligible for Medicare.

20.     Finally, a federal court can adjudicate this case without upsetting the balance drawn by Congress respecting the division of labor between state and federal courts. The federal issue in this case is unlikely to arise in other cases where state law creates the cause of action. This is a case that justifies the "resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Id.* at 312.

21.     Simply put, Plaintiff's claims and requested declaratory and injunctive relief require resolution of disputed federal Medicare issues, including the lawful scope of billing under

4

111922251.4

the Medicare programs identified in the Petition, which this federal Court has an institutional advantage in resolving relative a Missouri state court.

## IV.    Conclusion.

22.    Pursuant to 28 U.S.C. § 1446(d), Defendant will give prompt written notice of this removal to Plaintiff and file a copy of this Notice with the Circuit Court of St. Louis County, Missouri, notifying the court of the removal.

23.    In filing this Notice of Removal, Defendant does not waive, and specifically reserves, any and all objections as to service, personal jurisdiction, defenses, exceptions, rights, and motions.

WHEREFORE, Defendant files this Notice of Removal and removes this civil action to the United States District Court for the Eastern District of Missouri.


Dated: June 25, 2026

Respectfully submitted,
POLSINELLI PC

By:  /s/ *Ryan J. McCarty*
Ryan J. McCarty (#57590 MO)
Matthew T. Suddarth (#74857 MO)
7676 Forsyth Blvd, Suite 800
St. Louis, MO 63105
Phone: (314) 889-8000
Fax: (314) 231-1776
rmccarty@polsinelli.com
msuddarth@polsinelli.com

**ATTORNEYS FOR DEFENDANT**

5

111922251.4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on June 25, 2026, on all parties of record via the Court's ECF system pursuant to Federal Rules of Civil Procedure.

/s/ *Ryan J. McCarty*

111922251.4