# EXHIBIT A

# STATE COURT PLEADINGS

The information available on Case.net is provided as a service and is not considered an official court record.

Case: 4:26-cv-01017   Doc. #: 1-1   Filed: 06/25/26   Page: 2 of 23 PageID #: 8

Case.net:26SL-CC04413 - JOSEPH MITCHELL MD V. EMPOWER HOLDINGS LLC (E-CASE) - Docket Entries

| **Respond to Selected Documents** |   Sort by date: Descending Ascending   Display options: All Entries ∨

**06/22/2026**

**Judge Assigned**

**Filed By:** MARY ELIZABETH OTT

**Order to Transfer**

CAUSE REASSIGNED TO DIV 7. SO ORDERED: JUDGE BRUCE F. HILTON

**06/19/2026**

**Judge Recuses**

SO ORDERED: JUDGE ELLEN DUNNE

**06/17/2026**

**Judge/Clerk - Note**

HOLD SERVICE ON DFT PER PLT'S ATTY.

**Judge Assigned**

DIV 21

**Filing Info Sheet eFiling**

**Filed By:** R. THOMAS AVERY

**Suggestions in Support**

Suggestions in Support of Plaintiffs Motion for Temporary Restraining Order and For Expedited Preliminary Injunction.

**Filed By:** R. THOMAS AVERY

**On Behalf Of:** JOSEPH MITCHELL

**Proposed Order Filed**

Proposed Order Granting Temporary Restraining Order.

**Filed By:** R. THOMAS AVERY

**On Behalf Of:** JOSEPH MITCHELL

**Mot for Temp Restraining Order**

Plaintiffs Motion for Temporary Restraining Order and For Expedited Preliminary Injunction Hearing.

**Filed By:** R. THOMAS AVERY

**On Behalf Of:** JOSEPH MITCHELL

**Pet Filed in Circuit Ct**

Petition; Exhibit A; Exhibit B; Exhibit C; Exhibit D; Exhibit E.

**Filed By:** R. THOMAS AVERY

**On Behalf Of:** JOSEPH MITCHELL

**26SL-CC04413**

Electronically Filed - St Louis County - June 17, 2026 - 01:32 PM

# IN THE CIRCUIT COURT OF
## ST. LOUIS COUNTY, MISSOURI

JOSEPH MITCHELL, M.D.,          )
                                                 )
       Plaintiff,               )     Case No. _____
                                                 )
v.                                   )     Division _____
                                                 )
EMPOWERME HOLDINGS, LLC,      )
**Hold for Service**               )
                                               )
       Defendant.            )

## VERIFIED PETITION

Plaintiff, Joseph Mitchell, M.D. (also known as "Jody Mitchell, M.D.") ("Plaintiff" or "Dr. Mitchell"), by and through undersigned counsel, for his Verified Petition against Defendant EmpowerMe Holdings, LLC ("EmpowerMe" or the "Company"), states:

### PARTIES, JURISDICTION, AND VENUE

1.	Plaintiff is a physician licensed to practice medicine in the State of Missouri and holds active medical licenses in fifty (50) additional U.S. jurisdictions (forty-nine states and the District of Columbia). Plaintiff holds a National Provider Identifier (NPI) and resides in Kentucky.

2.	Defendant EmpowerMe Holdings, LLC is a Missouri limited liability company with its principal office at 1335 Strassner Drive, St. Louis, Missouri 63144.

3.	Until June 10, 2026, EmpowerMe Holdings, LLC employed Plaintiff as its Chief Medical Officer and used his name, credentials, and NPI as alleged herein.

4.	Plaintiff is the founder and sole (100%) owner of EmpowerMe Medical Group, P.C. (the "Practice"), a professional corporation through which the clinical and care-management services at issue are furnished.

Electronically Filed - St Louis County - June 17, 2026 - 01:32 PM

5. The Company administers the Practice's non-clinical operations, including billing, under an Administrative Services Agreement dated March 17, 2023, between the Practice and the Company.

6. The name, medical license, professional credentials, and National Provider Identifier at issue are Plaintiff's own individual identifiers, held by him personally and not by the Practice; the Company's authority to use them derived from Plaintiff's employment and supervisory relationship with the Company and his personal authorization — which he withdrew effective June 10, 2026 — and not from that Agreement.

7. Plaintiff brings these claims solely in his individual capacity to protect his personal identity and credentials.

8. This Court has subject-matter jurisdiction under Article V, Section 14 of the Missouri Constitution and has authority to grant declaratory relief under Section 527.010, RSMo, and injunctive relief under Chapter 526, RSMo (including Section 526.030) and Missouri Supreme Court Rule 92.

9. Venue is proper under Section 508.010(1)(4) and 508.010(4), RSMo, because Defendant maintains its registered principal office in St. Louis County (1335 Strassner Drive, St. Louis, Missouri 63144), and because Plaintiff was first injured by the wrongful acts complained of herein in St. Louis County, Missouri.

**ALLEGATIONS COMMON TO ALL COUNTS**

10. Beginning in April 2022, Plaintiff founded and built EmpowerMe's medical group and served as Company's Chief Medical Officer.

11. Dr. Mitchell personally treated patients and collaborated with advanced practice providers ("APPs") in a supportive care-management model that included services under the

2

Electronically Filed - St Louis County - June 17, 2026 - 01:32 PM

Medicare Principal Care Management ("PCM") program and the Medicare Guiding an Improved Dementia Experience ("GUIDE") Model.

12.     Plaintiff served in the organizational role of Medical Director in connection with the Company's GUIDE Model participation.

13.     The Company's authority to use Plaintiff's name, medical license, professional credentials, signature, and NPI, and to rely on his Medicare enrollment and any reassignment of benefits, existed only for the duration of his employment with the Company.

**Dr. Mitchell Resigns from EmpowerMe**

14.     On June 8, 2026, EmpowerMe terminated the founder and Chief Executive Officer of EmpowerMe without warning and installed new leadership at the top of the Company.  Dr. Mitchell was not consulted about the action and did not believe it was in the best interests of the Company or its patients.  As a result, Dr. Mitchell lost confidence in the direction of the Company.

15.     On June 10, 2026, Dr. Mitchell delivered a written Notice of Resignation, effective immediately upon delivery (the "Effective Date"), resigning his employment and his position as Chief Medical Officer, and resigning from all officer, director, manager, medical director, supervising physician, collaborating physician, and committee positions, including any role in the Company's GUIDE Model participation. A true and correct copy is attached hereto as Exhibit A.

16.     Dr. Mitchell was not subject to any agreement with Company that required him to provide any advance notice of termination of his employment.

17.     In the same Notice, Plaintiff expressly withdrew all authorization and directed the Company and the Practice, and all affiliates, billing vendors, and clearinghouses, to immediately cease, for any service furnished after the Effective Date: (a) submitting any claim identifying Plaintiff as the rendering, billing, attending, supervising, or referring provider; (b) furnishing or

3

Electronically Filed - St Louis County - June 17, 2026 - 01:32 PM

billing any service "incident to" Plaintiff's services or under his supervision, including under the PCM program and the GUIDE Model; (c) holding Plaintiff out as medical director, supervising physician, or collaborating physician in any state, facility, payor enrollment, or CMS portal; (d) using Plaintiff's name, signature, NPI, or state medical license; and (e) maintaining any collaborative-practice or supervision arrangement identifying Plaintiff as the physician of record. The Notice permitted only claims for services Plaintiff personally rendered or properly supervised on or before the Effective Date be submitted. *See* Ex. A.

18.    In the interest of patient care and continuity, Plaintiff offered to remain reasonably available for a limited transition period — initially fifteen (15) calendar days and, by email dated June 11, 2026, extended to thirty (30) calendar days — to respond to urgent clinical questions and to cooperate with the orderly reassignment of patients for whom he had been the clinician of record, including patients of the APPs he collaborated with or supervised in states with active agreements. Plaintiff expressly stated that this availability did not constitute employment, supervision, or an ongoing treatment relationship, and did not authorize any billing identifying him as a provider for services furnished after the Effective Date. A true and accurate copy of Plaintiff's June 11, 2026 email is attached hereto as Exhibit B.

19.    Notwithstanding Plaintiff's resignation, the Company refused to accept or honor his resignation.

20.    As a matter of law, no acceptance by the Company was required.

### EmpowerMe Continues to Use Dr. Mitchell's Name, Identity, Professional License, Credentials and NPI After His Resignation

21.    From June 11, 2026 through the present, the Company caused clinical staff to perform care-management activities on patients for whom Plaintiff had been the supervising or attending physician, and recorded or represented those activities as performed under Plaintiff's

4

Electronically Filed - St Louis County - June 17, 2026 - 01:32 PM

supervision, and continued to attribute that supervision to Plaintiff, who had resigned and withdrawn all authorization.

22.     Plaintiff's NPI and Medicare enrollment (and any reassignment of benefits) remained associated with these patients and activities in the Company's billing, documentation, and CMS-facing systems, such that any resulting claim would foreseeably identify Plaintiff as the supervising or rendering provider under his NPI.

23.     By way of example, on June 11, 2026, the day after the Effective Date, a Care Coordination Touchpoint under the PCM program was performed and documented, by the Company's clinical staff, for a patient for whom Plaintiff had personally performed the initiating evaluation-and-management visit and established the PCM care plan. A true and accurate copy of the record of the Care Coordination Touchpoint under the PCM program from June 11, 2026, is attached hereto as Exhibit C (all patient-identifying information has been redacted.)

24.     Plaintiff did not supervise, direct, or authorize any of the activities described above. He had resigned and expressly withdrawn all authorization to use his name, license, credentials, and NPI.  Such activities thereby created unauthorized risk for Plaintiff.

25.      Care-management services of the type at issue, including Principal Care Management ("PCM") services billed under CPT Codes, are furnished by clinical staff incident to the professional services of a physician or other qualified practitioner. Under CMS's care-management rules, designated care-management services may be furnished under general supervision rather than direct supervision, but only within the supervisory relationship required by the Medicare incident-to regulations. See 42 C.F.R. § 410.26(b)(5).

26.     CMS further provides that only the supervising physician or practitioner may bill Medicare for such incident-to services. Because Plaintiff resigned, withdrew authorization for the

Electronically Filed - St Louis County - June 17, 2026 - 01:32 PM

use of his credentials, and is terminating any reassignment of Medicare benefits, Plaintiff no longer serves as the supervising practitioner for services furnished after June 10, 2026. Any continued attribution of PCM services to Plaintiff after that date would misrepresent the supervisory and billing relationship required under Medicare's incident-to framework

27. Plaintiff did not perform, supervise, or authorize any service furnished on or after June 10, 2026. Because the Company controls its own billing systems, Plaintiff is not in a position to know whether it has yet submitted a claim for the post-resignation activities; but any claim attributing such a service to Plaintiff would be false.

28. As of June 15, 2026, EmpowerMe continue to identify Dr. Mitchell as Authorized Official and Chief Medical Office  for EmpowerMe's GUIDE program.  He also continues to be listed on its "current roster" of Dementia-proficient clinicians. A true and accurate copy of the Organization Contacts page for the EmpowerMe Guide program from June 15, 2026, is attached hereto as Exhibit D.

29. As of June 16, 2026, EmpowerMe's website lists Dr. Mitchell as Chief Medical Officer and includes his image. *See* a true and accurate screenshot of EmpowerMe's website at empowerme.com/who-we-are/our-leadership/ attached hereto as Exhibit E.

30. Independent of any future claim, the continued attribution of these activities to Plaintiff, and the continued presence of his NPI and enrollment in the Company's active systems, presently misrepresent his professional involvement and threaten his professional reputation, his medical licensure, and his standing with the Medicare program and its contractors.

31. The present, ongoing misrepresentation of Plaintiff's supervision — communicated, while it persists, to the Centers for Medicare & Medicaid Services, the Medicare Administrative Contractor, and payors that the Company does not control — and the imminent

Electronically Filed - St Louis County - June 17, 2026 - 01:32 PM

risk that a claim, once submitted under his NPI, cannot be undone, threaten harm to Plaintiff's professional reputation, licensure, and standing with the Medicare program and its contractors that cannot be adequately remedied by money damages, because no damages award can retract a false record relied upon by third-party regulators and payors.

32.     Plaintiff intends to terminate any Medicare reassignment of benefits and related enrollment authorizations maintained through the applicable Medicare enrollment process. Even if such administrative actions are accepted and processed by the Medicare Administrative Contractor, they cannot by themselves prevent the Company from continuing to represent that Plaintiff supervises services furnished by the Company, from attributing services to Plaintiff, or from using records and information already within the Company's possession and control. Accordingly, administrative remedies are inadequate, and Plaintiff has no adequate remedy at law

### COUNT I — INVASION OF PRIVACY BY APPROPRIATION OF NAME AND IDENTITY

As his first cause of action against Defendant EmpowerMe Holdings, LLC, Plaintiff Dr. Joseph Mitchell, M.D. states:

33.     Plaintiff incorporates paragraphs 1 through 32 as though fully set forth herein.

34.     Plaintiff possesses a protectable interest in his own name, identity, professional license, credentials, and NPI as symbols of his identity. That interest is both a dignitary interest in not having his identity used without consent and a property interest in the commercial value his identity carries as the credential on which billing eligibility and program participation depend. Plaintiff asserts this Count under both the dignitary and the property branches of the appropriation tort.

Electronically Filed - St Louis County - June 17, 2026 - 01:32 PM

35.     The Company used, and continues to use, Plaintiff's name, professional identity, license, and NPI as symbols of his identity — not incidentally, but as symbols of who he is and precisely because they are his — to represent to patients, advanced practice providers, payors, and the Centers for Medicare & Medicaid Services that Plaintiff remains the supervising or attending physician of record, and to attribute the Company's clinical and care-management activity to him in its enrollment, supervision, and CMS-facing records.

36.     The Company did so without Plaintiff's consent, and after he expressly revoked any prior authorization. The Company acted with knowledge that Plaintiff had resigned and withdrawn authorization, having elected to proceed notwithstanding his refusal. *See* Exhibits C, D and E.

37.     The Company used Plaintiff's identity to obtain a commercial advantage.

38.     Plaintiff's NPI, license, and supervisory status are necessary preconditions to the Company's ability to bill, collect, and retain reimbursement for the care-management services at issue and to maintain its participation in the PCM program and the GUIDE Model.  Without them, the Company cannot lawfully submit or be paid on such claims.

39.     The advantage the Company derived is therefore directly economic, measured by the reimbursement it preserved the ability to collect by continuing to hold Plaintiff out as the supervising physician of record.

40.     As a direct and proximate result, Plaintiff has suffered and will continue to suffer harm, including injury to his professional reputation and the imminent risk of harm to his licensure and Medicare standing.

WHEREFORE, Plaintiff Joseph Mitchell, M.D. prays the Court enter judgment in his favor and against Defendant EmpowerMe Holdings, LLC for injunctive relief (temporary, preliminary

8

Electronically Filed - St Louis County - June 17, 2026 - 01:32 PM

and permanent) to prevent the further violation of his rights, for damages in an amount to be determined at trial and all other relief the Court deems appropriate.

### COUNT II — UNJUST ENRICHMENT (IN THE ALTERNATIVE)

As his second cause of action, in the alternative, against Defendant EmpowerMe Holdings, LLC, Plaintiff Dr. Joseph Mitchell, M.D. states:

41.     Plaintiff incorporates paragraphs 1 through 32 as though fully set forth herein.

42.     Plaintiff conferred a benefit on the Company by building its medical group and by allowing the Company, during his employment, to use his identity, credentials, NPI, and Medicare enrollment to sustain billing eligibility and program participation.

43.     After Plaintiff's resignation terminated that authorization, the Company continued to receive and retain the benefit of his identity, credentials, NPI, and enrollment, beyond and outside the scope of any agreement and without any right to do so.

44.     The Company appreciated and accepted that benefit, using Plaintiff's continued apparent supervision and enrollment to preserve its billing eligibility and program participation and to continue operating its care-management lines without interruption.

45.     Under the circumstances, the Company's retention of the benefit without authorization or compensation is inequitable.

46.     Accordingly, Plaintiff is entitled to restitution, measured by the value the Company received and retained, in an amount to be determined at trial.

WHEREFORE, Plaintiff Joseph Mitchell, M.D. prays the Court enter judgment in his favor and against Defendant EmpowerMe Holdings, LLC for damages in an amount to be determined at trial and all other relief the Court deems appropriate.

Electronically Filed - St Louis County - June 17, 2026 - 01:32 PM

## COUNT III — DECLARATORY JUDGMENT

As his third cause of action, in the alternative, against Defendant EmpowerMe Holdings, LLC, Plaintiff Dr. Joseph Mitchell, M.D. states:

47.     Plaintiff incorporates paragraphs 1 through 46 as though fully set forth herein.

48.     An actual, present, and justiciable controversy exists between the parties.

49.     The Company has affirmatively refused to recognize Plaintiff's resignation as effective and, through its Chief Operating Officer, stated that it elected to proceed "as opposed to accepting a resignation" (Ex. E), while continuing to hold Plaintiff out as the supervising physician of record.

50.     The parties genuinely dispute:

a.   whether Plaintiff's at-will resignation was effective on June 10, 2026,

b.   whether the Company retains any authority to use Plaintiff's name, license, credentials, or NPI or to attribute clinical or care-management activity to him, and

c.   the scope of billing the Company may lawfully undertake.

51.     Plaintiff has a legally protectable interest in the use of his own identity and licensure.

52.     The controversy is ripe and does not depend on whether any claim has yet been billed.

53.     A declaration is necessary to guide the parties' ongoing conduct and to resolve the dispute over status and authority that damages alone will not settle.

54.     Pursuant to Section 527.010, RSMo, Plaintiff requests a declaration that: (a) his resignation was effective on June 10, 2026; (b) the Company has no authority to use his name, license, credentials, or NPI, or to attribute any clinical or care-management activity to him, on or

10

Electronically Filed - St Louis County - June 17, 2026 - 01:32 PM

after that date; and (c) only services Plaintiff personally rendered or properly supervised on or before June 10, 2026 may be billed under his NPI.

WHEREFORE, Plaintiff Joseph Mitchell, M.D. prays the Court enter judgment in his favor and against Defendant EmpowerMe Holdings, LLC declaring (a) his resignation was effective on June 10, 2026; (b) the Company, and affiliated entities, has no authority to use his name, license, credentials, or NPI, or to attribute any clinical or care-management activity to him, on or after that date; and (c) only services Plaintiff personally rendered or properly supervised on or before June 10, 2026 may be billed under his NPI.

Respectfully submitted,

**McCarthy Leonard Kaemmerer & Miller**

/s/  R. Thomas Avery
R. Thomas Avery   MO # 45340
825 Maryville Centre Dr #300
Chesterfield, MO 63017
314-392-5200
314-392-5221 (f)
tavery@mlklaw.com

**ATTORNEYS FOR PLAINTIFF**

11

Electronically Filed - St Louis County - June 17, 2026 - 01:32 PM

**IN THE CIRCUIT COURT OF**
**ST. LOUIS COUNTY, MISSOURI**

| | | |
|---|---|---|
| JOSEPH MITCHELL, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. _____ |
| | ) | |
| v. | ) | Division _____ |
| | ) | |
| EMPOWERME HOLDINGS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**VERIFICATION**

STATE OF MISSOURI    )
                     ) ss.
COUNTY OF ST. LOUIS  )

Joseph Mitchell, M.D., being first duly sworn upon oath, states that he is the Plaintiff in the above-captioned action; that he has read the Verified Petition filed herewith and that the factual allegations therein are true and correct according to his own personal knowledge, except as to matters stated upon information and belief, and as to those matters, he believes them to be true.

_____
Joseph Mitchell, M.D.

Subscribed and sworn to before me, a notary public, this 16th day of June, 2026, by Joseph Mitchell, M.D., who is personally known to me or who produced satisfactory identification and who, being first duly sworn upon oath, stated that the foregoing is true.

_Christina M. Weisbruch_
Notary Public
Printed Name: Christina M. Weisbruch
My commission expires: 10-22-2027
(SEAL)

CHRISTINA M WEISBRUCH
Notary Public, Notary Seal
State of Missouri
Franklin County
Commission #01468444
My Commission Expires 10-22-2027

**26SL-CC04413**

Electronically Filed - St Louis County - June 17, 2026 - 01:32 PM

 Gmail

Jody Mitchell <jodymitchellmd@gmail.com>

## Re: Notice of Resignation, Effective Immediately; Notice of Transfer Event; Immediate Cessation of Billing and Practice Under My NPI and Licenses; Reservation of Rights

3 messages

**Jody Mitchell, MD** <jodymitchellmd@gmail.com>                    Wed, Jun 10, 2026 at 6:12 PM
To: James Smith <jsmith@empowerme.com>
Cc: Carrie Ward <cward@empowerme.com>, Jody Mitchell <jodymitchellmd@gmail.com>

Dear James:

**1. Resignation.** Effective immediately upon delivery of this letter (the "Effective Date"), I resign my employment with EmpowerMe Holdings, LLC and all of its affiliates and subsidiaries, including my position as Chief Medical Officer, and I resign from all officer, director, manager, medical director, supervising physician, collaborating physician, and committee positions I hold with the Company, EmpowerMe Medical Group, P.C. (the "Practice"), or any affiliate, including my designation as medical director under the Company's GUIDE Model participation.

**2. Notice of Transfer Event.** Pursuant to Section 2 of the Equity Transfer Restriction Agreement dated March 17, 2023 (the "ETRA"), this letter constitutes my prompt written notice to the Company and the Practice of the occurrence of a Transfer Event under Section 2(a)(xi). I will reasonably cooperate with the transfer mechanics set forth in the ETRA with respect to the equity interests of the Practice. This notice and any cooperation are limited to the Practice equity interests addressed by the ETRA and do not waive, transfer, or affect any other right or interest identified in Section 5 below.

**3. Immediate cessation of all billing and practice under my NPI, name, and licenses.** As of the Effective Date, I no longer authorize — and I hereby direct the Company, the Practice, and all affiliates, billing vendors, and clearinghouses acting on their behalf to immediately cease — any of the following:

(a) submitting, or causing to be submitted, any claim to Medicare, Medicaid, or any other payor identifying me as the rendering, billing, attending, supervising, or referring provider, including under NPI 1952669152, for any service furnished after the Effective Date;

(b) furnishing or billing any service "incident to" my services or under my supervision, including under the PCM and GUIDE programs;

(c) holding me out as medical director, supervising physician, or collaborating physician in any state, facility, payor enrollment, CMS portal, or marketing or compliance material;

(d) using my name, signature, NPI, DEA registration, or any state medical license in connection with any order, protocol, standing order, prescription, enrollment, attestation, or revalidation; and

(e) initiating or maintaining any collaborative practice or supervision arrangement identifying me as the physician of record.

Claims for services I personally rendered or properly supervised **on or before** the Effective Date may be submitted in the ordinary course and consistent with applicable law. Please confirm in writing within five (5) business days that the directives above have been implemented, and identify the effective date of each corresponding payor and CMS notification, including the GUIDE medical director change notification. I request that the Company provide me, within fifteen (15) business days, a written attestation and claims report confirming that no claims identifying me as a provider have been or will be submitted for services furnished after the Effective Date. I intend to monitor my NPI and payor enrollments, and any post-resignation use of my credentials will be treated as unauthorized.

**4. Patient continuity.** To support a clinically responsible transition and continuity of care, for fifteen (15) calendar days following the Effective Date I will remain reasonably available, upon written request, to respond to urgent clinical questions regarding patients for whom I was the clinician of record and to cooperate with the orderly reassignment of those patients to successor clinicians. This availability is a professional courtesy, does not constitute employment, supervision, or an ongoing treatment relationship, and does not authorize any billing identifying me as a provider for services furnished after the Effective Date.

**EXHIBIT A**

**5. Reservation of rights.** This resignation and notice are given without prejudice to, and with full reservation of, all of my rights, claims, and interests, including without limitation: (a) all rights under my Retention Agreement dated September 9, 2024, including under Section 3 thereof; (b) all of my vested Incentive Units and all rights under the Incentive Unit Award Agreements dated April 1, 2022 and June 16, 2025 and under the Fifth Amended and Restated Limited Liability Company Agreement of EmpowerMe Holdings, LLC, as amended, including my rights as a Member; (c) all rights to accrued but unpaid salary, bonus, expense reimbursement, and benefits through the Effective Date; (d) all rights to indemnification, advancement, and coverage under any D&O or professional liability policy with respect to my service; and (e) all other rights under contract or applicable law. Nothing in this letter waives, releases, or modifies any such right, and no document presented to me in connection with the ETRA transfer or my offboarding shall be effective to do so absent my express written agreement. My settlement proposal dated June 10, 2026 remains open as a framework for a comprehensive resolution.

**6. Insurance and records.** Please confirm in writing the professional liability coverage applicable to my services rendered through the Effective Date, including whether the Company will procure extended reporting ("tail") coverage, and provide certificates of insurance evidencing same. Please also confirm the procedure for my continued access, as permitted by law, to records necessary to respond to any payor audit, board inquiry, or claim relating to services I rendered.

Please direct all further communications regarding these matters to me via email at jodymitchellmd@gmail.com.

Sincerely,

Jody Mitchell, MD

---

**Jody Mitchell** <jodymitchellmd@gmail.com>                    Thu, Jun 11, 2026 at 6:47 AM
To: James Smith <jsmith@empowerme.com>
Cc: Carrie Ward <cward@empowerme.com>, Kenneth Hannah <khannah@empowerme.com>

My offer of patient continuity referenced in this resignation notice, if the Company chooses to simply accept my resignation rather than the offer for settlement and transition, extends to patients cared for by APPs that I collaborate with/supervise in states where we have active agreement. I am also willing to extend this from 15 calendar days to 30 calendar days. Dr Wolfe is willing to do the same for his patients and patients of those APPs he supervises.

> On Jun 10, 2026, at 5:12 PM, Jody Mitchell, MD <jodymitchellmd@gmail.com> wrote:

[Quoted text hidden]

---

**Jody Mitchell, MD** <jodymitchellmd@gmail.com>                    Thu, Jun 11, 2026 at 11:16 PM
Draft

James -

James,

to reiterate, my offer was to accept
Thank you very much for your call this evening. It is the most substantive engagement I've had since my resignation below. I am very concerned about the lack of action following my resignation. Since the company did not accept my offer for settlement and transition, I assume they did act today as those I resigned as an at will employ as of my resignation notice on June 10, 2026. I certainly hope they aren't trying to attempt to hold me hostage as an employee while they attempt to offer me their own offer for settlement and resolution as that was an option presented and would be rather hostile to my at will employment rights.

I am CCing Amy, as well, because I am just not sure who is actually looking at this.

Best,

Jody Mitchell, MD

[Quoted text hidden]

Electronically Filed - St Louis County - June 17, 2026 - 01:32 PM

**26SL-CC04413**

Electronically Filed - St Louis County - June 17, 2026 - 01:32 PM

 Gmail

**Jody Mitchell <jodymitchellmd@gmail.com>**

---

## Re: Notice of Resignation, Effective Immediately; Notice of Transfer Event; Immediate Cessation of Billing and Practice Under My NPI and Licenses; Reservation of Rights

---

**Jody Mitchell** <jodymitchellmd@gmail.com>                          Thu, Jun 11, 2026 at 6:47 AM
To: James Smith <jsmith@empowerme.com>
Cc: Carrie Ward <cward@empowerme.com>, Kenneth Hannah <khannah@empowerme.com>

My offer of patient continuity referenced in this resignation notice, if the Company chooses to simply accept my resignation rather than the offer for settlement and transition, extends to patients cared for by APPs that I collaborate with/supervise in states where we have active agreement. I am also willing to extend this from 15 calendar days to 30 calendar days. Dr Wolfe is willing to do the same for his patients and patients of those APPs he supervises.

On Jun 10, 2026, at 5:12 PM, Jody Mitchell, MD <jodymitchellmd@gmail.com> wrote:

[Quoted text hidden]

**EXHIBIT B**

**26SL-CC04413**

Electronically Filed - St Louis County - June 17, 2026 - 01:32 PM



| Care Coordination Touchpoint Form | 6/11/2026 12:55pm |
|---|---|

Complete all information below

# Care Coordination Touchpoint Form

+ Wellness Plan

Care Coordination Touchpoint:

**Date and Start Time of Care Coordination Activity**
06-11-2026 10:40 AM

**Time Spent on Activity (in Minutes)**
20

**Touchpoint Completed by:**
▬▬▬▬▬

If a resident is moving out of the community, please follow the appropriate transition workflow.

Click here for guidance (https://empowermeholdings.sharepoint.com/:b:/s/ClinicalOperation/ESyXH

**How was the Care Coordination Activity delivered?**

**Who was present during the activities being performed? (Select ALL that Apply)**

**Has the patient experienced a fall, ED visit, hospital admission or sleep/behavior/mood changes since last seen?**

**Vital Signs (as indicated):**

**Do you request EMW Medical Group team take any follow-up action as a result of this touchpoint?**

**Do you have a suggested new goal/action plan for the Wellness Plan? Referral requests do not require a new goal/action plan at the time of submission.**

**EXHIBIT C**

**26SL-CC04413**

Electronically Filed - St Louis County - June 17, 2026 - 01:32 PM



## Organization Contacts

Add-On Roles help your organization define contact responsibilities and ensure the right individuals have access to key actions and forms.

Show More ∨

| Authorized Official (AO) | IPC Portal ⬈ | Designated Official (DO) | Edit ✎ |
|---|---|---|---|
| Joseph Mitchell | | Pending | |

### Contact Details

Add Contact

Contact Details Search

Enter Search Text...

| Contact Type | Add-On Roles | Email Address | Full Name | Title/Position | Action |
|---|---|---|---|---|---|
| Primary | Data Custodian | | Madison Chapman | Care Navigator | View Edit Delete |
| Primary | | | Amy McDermott | SVP of Compliance | View Edit Delete |
| Primary | Designated Official (DO) (Pending) | | David Church | VP of Finance & Operations | View |
| Primary;Authorized Signatory | Authorized Official (AO) | | Joseph Mitchell | Chief Medical Officer | View |
| Primary | | | LUcas Donnelley | Managing Director | View Edit Delete |

**EXHIBIT D**

26SL-CC04413

Electronically Filed - St Louis County - June 17, 2026 - 01:32 PM

empowerme.com/who-we-are/our-leadership/



Who We Are ∨    Services ∨    Careers ∨    Resources ∨    Contact Us ∨    Partner With Us

## Our Leadership

Learn more about the company and the team behind it.





### Joseph "Jody" Mitchell, MD
Chief Medical Officer

As the Chief Medical Officer of EmpowerMe Wellness, Dr. Jody Mitchell oversees and manages clinical practices, focuses on staff development for field clinicians, and utilizes the most current research and practices to provide better outcomes for residents of senior living communities nationwide. As an experienced healthcare leader, Dr. Mitchell brings over a decade of experience to his role. He has an eye on the future of healthcare, with a persistent drive to use technology to create better medical outcomes. But most importantly, he has a deep, life-long passion for improving the lives of seniors. Prior to coming to EmpowerMe Wellness, Dr. Mitchell served the clinicians, patients, and families of Owensboro Health in Owensboro, Kentucky, most recently in the roles of Medical Director of Outpatient Services and Medical Director of Athletic Training Services. He also served as Owensboro



**. SPHR**

Carrie leads ...esources and ...kin...

### Chief Operating Officer

Ken is a highly motivated and effective leader with recognized expertise in finance and operations.

Read More

### Angie Kooven
Senior Vice President of EmpowerMe at Home

Angie has spent nearly 25 years dedicated to improving the quality of life for older adults by su...

Read More



### Kaitlin Petrie
Senior VP of Business Development

Kaitlin is an occupational therapist with more than 10 years of experience serving older adults l...

Read More





### Dan Spears
Vice President of Integrated Solutions

As VP of Integrated Solutions, Dan Spears leads strategic initiatives, partnerships & marketing a...

Read More



**EXHIBIT E**

FILED

JUNE 19 2026

JOAN M. GILMER
CIRCUIT CLERK
ST. LOUIS COUNTY, MO

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI


Joseph Mitchell, MD                    )
                                       ) Case no(s).
        Plaintiff,                     ) Division 21
v.                                     )
                                       )
                                       )
EMPOWER HOLDINGS, LLC                  )
                                       )
        Defendant.                     )

RECUSAL ORDER

The court hereby recuses itself in the above referenced matter.


SO ORDERED:

*Ellen W. Dunne*

   Judge            Division 21

June 19, 2026

**In the**

# CIRCUIT COURT

**Of St. Louis County, Missouri**



| | |
|---|---|
| JOSEPH MITCHELL MD | 6/22/26 |
| Plaintiff | Date |
| vs. | 26SL-CC04413 |
| | Case Number |
| EMPOWER HOLDINGS LLC | 13 |
| Defendant | Division |

**FILED**
06/22/26
JOAN M. GILMER
CIRCUIT CLERK
ST. LOUIS COUNTY, MO

# CASE ASSIGNMENT MEMO

**ASSIGNMENT TO ASSOCIATE CIRCUIT JUDGE**

Pursuant to Local Rule 6.1, case __ assigned __ reassigned to Division   for hearing and determination on the record under practices and procedures applicable before Circuit Judges; record to be made by electronic recording device.

**POST CONVICTION RELIEF MOTION**

Pursuant to Local Rule 67.7, case __ assigned __ reassigned to Division   for hearing and determination.

  x    **ASSIGNMENT TO CIRCUIT JUDGE**

Case __ assigned  x  reassigned to Division 7  for hearing and determination.

**CASE SET FOR HEARING**

Case set for hearing on _____ at _____.

**So Ordered:**

_____
Honorable Bruce F. Hilton
Presiding Judge

AMEMO   10/18