UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH MITCHELL, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:26-cv-1017-JMD |
| | ) | |
| EMPOWERME HOLDINGS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

EmpowerMe Holdings removed this case from state court, asserting federal-question jurisdiction.  Doc. 1.  But because EmpowerMe has failed to establish a federal question on the face of the complaint, the Court remands this case to state court.

## BACKGROUND

According to the complaint, Joseph Mitchell is a physician residing in Kentucky. Doc. 4 ¶ 1.  He founded EmpowerMe and, until June 10 of this year, was employed as its Chief Medical Officer.  *Id.* ¶¶ 3–4.  Mitchell resigned from that position, but EmpowerMe continued to use Mitchell's name and credentials in the services it provides.  *Id.* ¶¶ 15, 21–28. Mitchell initiated this action in Missouri state court, bringing claims for invasion of privacy, unjust enrichment, and a declaratory judgment.  Doc. 1 ¶¶ 1, 7.  He alleged that EmpowerMe "has no authority to use his name, license, credentials, or NPI, or to attribute any clinical or care-management activity to him" after his resignation.  Doc. 4 at 11.

EmpowerMe removed the case to this Court, asserting that this Court has federal-question jurisdiction.  Doc. 1. ¶¶ 14–21. While it acknowledges that the action presses only Missouri state law claims, EmpowerMe asserts that federal-question jurisdiction exists because "federal law is

central to the alleged wrongs and requested relief." *Id.* ¶ 15.  But that is not so.  This Court lacks jurisdiction.

## LEGAL STANDARD

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  Removal is proper "only if the action originally could have been filed" in federal court.  *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010).  The removing party "bears the burden of establishing federal jurisdiction," with "[a]ll doubts . . . resolved in favor of remand to state court."  *Id.* at 620.

As relevant here, this Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "A case arises under federal law most directly when federal law creates the cause of action asserted."  *Kellum v. Gilster-Mary Lee Corp. Grp. Health Benefit Plan*, 115 F.4th 849, 852–53 (8th Cir. 2024) (cleaned up). Jurisdiction based on a federal question typically "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Id.* at 853 (citation omitted).

## DISCUSSION

Despite Mitchell presenting no claims arising under federal law, EmpowerMe asserts this Court has jurisdiction because the case implicates federal issues.  A federal court sometimes has jurisdiction "over state-law claims that implicate significant federal issues."  *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).  But jurisdiction on this basis is available only if the state-law issues "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."  *Id.* at 314.  Only "on rare occasions" will a

2

defendant be able to establish these four factors. *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025).

This is not such an occasion. EmpowerMe claims that Mitchell "specifically asks the court to declare 'the scope of billing the Company may lawfully undertake,'" which it believes "necessarily requires the Court to review and interpret Medicare rules and other federal law . . . which exclusively govern the scope of the billing the Company may lawfully undertake." Doc. 1 ¶ 16. But asking a court to find that a defendant's conduct violates a federal statute does not alone satisfy the *Grable* test. *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 817 (1986) (no federal jurisdiction even when "a complaint alleg[es] a violation of a federal statute as an element of a state cause of action"). And "the mere fact that a court necessarily must interpret federal law or federal regulations to determine the merits of a claim is insufficient to confer federal jurisdiction." *Wells-Williams v. Bi-State Dev.*, No. 4:16-CV-348-SNLJ, 2016 WL 6873451, at *2 (E.D. Mo. Nov. 22, 2016) (cleaned up).

Nor does the Court have jurisdiction simply because the claims might involve issues related to Medicare. EmpowerMe asserts that the "federal law implicated" is "substantial" because laws governing Medicare administration "exclusively govern the scope of what and who Defendant can bill for medical services rendered to patients eligible for Medicare." Doc. 1 ¶ 19. But for a federal issue to be substantial under *Grable*, it must be an issue that "transcends the parties and has implications for the federal system as a whole, which typically occurs when the federal government's operations are implicated." *Ward v. Astrazeneca Pharms. LP*, No. 23-06018-CV-SJ-BP, 2023 WL 12179984, at *4 (W.D. Mo. Apr. 17, 2023) (cleaned up). Merely requiring an interpretation of Medicare law is not enough. *See Kanfer v. Wellcare of Fla., Inc.*, 2010 WL 11447533, at *7 (S.D. Fla. Mar. 6, 2010).

3

**CONCLUSION**

The Court GRANTS Mitchell's Motion to Remand Case to State Court [ECF 8].


Dated this 7th day of July, 2026

_____
JOSHUA M. DIVINE
UNITED STATES DISTRICT JUDGE
FOR THE EASTERN AND WESTERN
DISTRICTS OF MISSOURI